

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. '21 MJ3128 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| | Title 8, USC 1324(a)(2)(B)(iii) Bringing In Illegal Aliens Without Presentation |
| Ezequiel GARCIA-Tapia, Francisco Javier NOYOLA-Moreno, | |
| Defendants. | |

The undersigned complainant being, duly sworn, states:

On or about July 31, 2021 within the Southern District of California, defendant Ezequiel GARCIA-Tapia and Francisco Javier NOYOLA-Moreno, knowingly or in reckless disregard of the fact that certain aliens, namely, Reynaldo Alexis GODINEZ-Beltran, Adriana LOPEZ-Lopez, and Rogelio MEDINA-Salazar, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

SIGNATURE OF COMPLAINANT
Anthony Martinez
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON AUGUST 2, 2021.

HON. LINDA LOPEZ
United States Magistrate Judge

CONTINUATION OF COMPLAINT:
Ezequiel GARCIA-Tapia,
Francisco Javier NOYOLA-Moreno,

## PROBABLE CAUSE STATEMENT

The complainant states that Reynaldo Alexis GODINEZ-Beltran, Adriana LOPEZ-Lopez and Rogelio MEDINA-Salazar, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 31, 2021, Border Patrol Agent F. Ramirez was conducting his assigned duties in the San Diego Sector area of operations as part of the Air and Marine Unit. Agent Ramirez was on board a marked Border Patrol vessel with Supervisory Border Patrol Agent K. Kantura and Border Patrol Agent A. Bordzilovski. At approximately 5:30 PM, all three agents observed a sport fishing vessel enter the Mission Bay Channel from the open ocean. They observed five individuals aboard the vessel and the bow of the vessel riding extremely low in the water. Agent Kantura also noticed the vessel leaning to the left side. Agent Kantura positioned his vessel behind them and initiated a stop to conduct a document check of the vessel. Agents Ramirez and Bordzilovski identified themselves as a Border Patrol Agents to all five individuals. Agent Bordzilovski asked where they were coming from. Agent Ramirez noticed one individual, later identified as the defendant, Francisco Javier NOYOLA-Moreno, having a hard time understanding the question from Agent Bordzilovski so he asked the question in Spanish. NOYOLA stated that they were out fishing nearby. Agent Ramirez then asked him if they caught any fish. NOYOLA stated that they did not. Agent Ramirez then asked how they were fishing if they had no fishing poles, to which NOYOLA looked confused and nervous, while the other four individuals just kept looking straight ahead.

Agent Ramirez then conducted an immigration inspection on all five individuals, including both defendant NOYOLA and defendant Ezequiel GARCIA-Tapia, who was the driver, and material witnesses, Reynaldo Alexis GODINEZ-Beltran, Adriana LOPEZ-Lopez and Rogelio MEDINA-Salazar. They all stated that they are citizens of Mexico without any immigration documents allowing them to enter or remain in the United States. NOYOLA then informed Agent Ramirez that there were 11 more individuals in the cabin of the fishing boat. Agent RAMIREZ opened the cabin and encountered 11 individuals and conducted an immigration inspection. All 11 individuals stated that they are citizens of Mexico without any immigration documents allowing them to enter or remain in the United States legally. Later one individual of the 11, stated that he is a citizen of Colombia. At approximately 5:45 PM, Agent Ramirez placed all 16 individuals, including GARCIA, NOYOLA, GODINEZ, LOPEZ and MEDINA

CONTINUATION OF COMPLAINT:
Ezequiel GARCIA-Tapia,
Francisco Javier NOYOLA-Moreno,

under arrest.

The defendant GARCIA was read his Miranda Rights. GARCIA understood his rights and was willing to talk without an attorney present. GARCIA stated that he left Ensenada, Mexico with two other individuals on the vessel. GARCIA stated that while at sea, a fishing vessel met with them, and various individuals began to board the vessel. GARCIA stated that one of the men who was initially with him, got on the fishing vessel and asked him to drive the vessel to San Diego, California. GARCIA admitted that he drove the vessel on today's event. GARCIA stated that he was shown a cell phone with a map and was instructed where to go.

The defendant NOYOLA was read his Miranda Rights. NOYOLA stated that he understood his rights and was willing to speak without an attorney present. NOYOLA denied any involvement in today's event. NOYOLA stated that he was going to pay $10,000 USD to be smuggled and that the captains named was "Ezequiel." NOYOLA appeared to be nervous and evasive to the agents' questions and wished to have an attorney present for any further questioning.

Material witnesses, GODINEZ, LOPEZ and MEDINA, admitted to being citizens of Mexico illegally present in the United States, and not having any documents that would allow them to enter or remain in the United States legally. GODINEZ, LOPEZ and MEDINA admitted to making smuggling arrangements, and agreed to pay between $15,000 and $18,000 USD, if successfully smuggled into the United States. All three material witnesses were presented with a photographic lineup. GODINEZ and LOPEZ were able to identify GARCIA as the driver of the vessel and NOYOLA as the individual standing near GODINEZ when the vessel arrived to pick them up. MEDINA was able to identify GARCIA as the driver of the vessel. MEDINA stated that various individuals in the cabin were feeling sick and dizzy.